FILED
SUPERIOR COURT
OF GUAM
2019 AUG 13 🕚 11: 02
CLERK OF COURT
By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOSHUA F. PETER, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> FRANCIS GILL, ET AL., <br><br> Defendants. | **Superior Court Case No. CV0426-18** <br><br> **DECISION AND ORDER** <br> **RE** <br> **[THIRD] MOTION TO** <br> **DISQUALIFY WAYSON WONG AS** <br> **COUNSEL FOR PLAINTIFFS** |

The Court here considers Defendants Cyfred, Ltd.'s and Stephanie Mendiola's (third) Motion to Disqualify Wayson Wong as Counsel for Plaintiffs. Having considered the parties' arguments and the applicable rules of professional conduct, the Court DENIES the Motion contingent on Wong proving certain clients have provided informed consent to his continued representation.

## I.   PROCEDURAL HISTORY

Plaintiffs have been litigating title issues concerning their first lots in the Gill-Baza Subdivision for over fifteen years. Following extensive litigation, Plaintiffs and Cyfred entered into a settlement agreement in 2013 which purported to give Plaintiffs free and clear title to the lots. During this time, Plaintiffs' attorney, Wayson Wong, negotiated with some of his clients for mortgages on their lots as security for the payment of attorney's fees. As a result, Wong currently has five mortgages on fourteen of the lots involved in this case.

Defendants contend that Wong's interests in the lots constitute ethical violations for which he should be disqualified as Plaintiffs' counsel. Mot. Disqualify at 2-5 (Mar. 21, 2019).

ORIGINAL

Defendants also seek to disqualify Wong based on Wong's alleged fraud during the parties'

negotiations of the settlement agreement and his giving of faulty advice to his clients. *Id.*

## II. DISCUSSION

### A. Jurisdiction

Defendants assert that Wong should be disqualified and subject to impeachment for his

alleged unethical and illegal actions. Mot. Disqualify at 6, 8. Plaintiffs assert that the Court does

not have jurisdiction to determine whether Wong's alleged conflicts are ethical violations, but

instead may only determine whether Guam Rules of Professional Conduct have been violated.

Opp'n to Mot. Disqualify at 11 (Apr. 9, 2019). They contend that the Guam Supreme Court has

exclusive jurisdiction to determine whether ethical violations have occurred. *Id.* However, "[t]he

Supreme Court has original and appellate jurisdiction over attorney disciplinary matters

including but not limited to admissions, qualifications, and standards of practice." 7 GCA §

3107(b). As the Guam Supreme Court has appellate jurisdiction over attorney disciplinary

matters, it follows that this Court can adjudicate over attorney disciplinary matters which a party

can then appeal. The Court therefore finds it has jurisdiction to determine whether Wong has

committed ethical violations and or violated any Guam Rules of Professional Conduct.

### B. Standing

The Court previously found that non-clients have no standing to raise issues concerning

representation under the Guam Rules of Professional Conduct. Dec. and Order Re: Mot.

Disqualify Counsel at 8-9 (Dec. 27, 2018). As the Court cited, "[t]o allow an unauthorized

surrogate to champion the rights of the former [or current] client would allow that surrogate to

use the conflict rules for his own purposes where a genuine conflict might not really exist." *In re*


ORIGINAL

*Yarn Processing Patent Validity Litig.*, 530 F.2d 83, 90 (5th Cir. 1976). A "narrow exception[ ] to this general rule" is when the conflict of interest is "manifest and glaring," thereby confronting a court with "a plain duty to act." *Id*. at 89.

A similar exception exists when a court is presented with blatant ethical violations in which it has the inherent supervisory power "[t]o control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto." *People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*, 980 P.2d 371, 378 (Cal. 1999) (where a party's client moved to disqualify opposing counsel on the basis that it had consulted with opposing counsel's firm initially); *Leleux-Thubron v. Iberia Par. Gov't*, 2015 WL 339617, at *2 (W.D. La. Jan. 23, 2015) (finding that a party has standing to move for disqualification of opposing counsel "even though she is not an aggrieved client because a [party's] attorney is authorized to report any ethical violations committed in the case."). However, a court must exercise its supervisory power "with great caution...restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

Here, Defendants assert that "Wong's admitted financial conflicts...prejudice the administration of justice" and that "[s]ince Wong puts his financial interests over his clients' financial interests Defendants are deterred from positing a reasonable settlement offer to his clients' claims" because they fear he will not fairly present such an offer to his clients. Mot. Disqualify at 5. None of these repercussions confer Defendants with standing because they are not invasions of any of the Defendants' legally cognizable interests.

However, because Wong's security interests in his clients' lots imply a blatant conflict of interest, the Court exercises its supervisory power to address whether the interests constitute

ORIGINAL

ethical violations. The Court declines to address Defendants' other bases for disqualification because (1) the Court has also already found that genuine issues of fact remain as to whether Wong committed fraud in connection to the parties' settlement agreement negotiations, so disqualifying Wong on that basis would be improper, and (2) Defendants have failed to explain or cite case law demonstrating Wong's offset advice was illegal or unethical.[1]

### C. Applicable Law

The "current standard for attorney disqualification is whether an attorney's continued representation of a party or participation in an action violates or significantly risks violating the Guam Rules of Professional Conduct." *Barrett-Anderson v. Camacho*, 2018 Guam 20 ¶ 20.[2] Here, the parties dispute which Guam Rule of Professional Conduct applies--Defendants assert that both 1.7 and 1.8(a) apply, while Plaintiffs assert none apply, or only 1.8(i) applies. Because the Guam Rules of Professional Conduct are modeled after the American Bar Association's ("ABA") Model Rules of Professional Conduct, the Court looks to the ABA Rules for guidance.

### 1. Current or Past Conduct

Plaintiffs first argue that there are no current conflicts of interest because "[a]ll of the alleged wrongful conduct that defendants accuse [Plaintiffs'] counsel of doing in their motion happened in the past, in 2012." Opp'n to Mot. Disqualify at 3 (emphasis in original). However, Rules 1.7 and 1.8 do not refer to current or past conduct. Instead, the Rules' titles refer to "Current Clients" and address situations in which a lawyer should not have a concurrent conflict

---

[1] The Guam Supreme Court has also denied Defendants' attempt to file an interlocutory appeal on the issue of fraud in the related case, CV0425-18. Because Defendants cite to GRPC Rules 1.2(a), 1.3, and 1.7 as support for Wong's disqualification on the basis of fraud, the Court will not address those rules here. Supp. Br. Re: Disqual. (Mar. 26, 2019).

[2] Defendants' citation to 7 GCA § 9A216 is addressed later in the order.

ORIGINAL

of interest with his clients. As Wong currently has security interests in his clients' property, when he received those interests is not determinative.

### 2. Applicable Rules of Professional Conduct

#### a) Rules 1.8(a) and 1.8(i)

The Court now tackles whether Rule 1.8(a) or 1.8(i) applies. Rule 1.8(a) prohibits an attorney from securing a security interest adverse to a client unless the terms are fair and reasonable, the client has an opportunity to seek independent advice, and the client provides informed consent. Rule 1.8(i) also concerns security interests adverse to a client but specifically applies to "the cause of action or subject matter of litigation the lawyer is conducting for a client...." The comments interpreting Rule 1.8 provide that "[w]hen a lawyer acquires by contract a security interest in property *other than that recovered through the lawyer's efforts in the litigation*, such an acquisition is a business or financial transaction with a client and is governed by the requirements of paragraph (a)." ABA Model Rule 1.8, cmt. 16 (emphasis added). ABA Formal Opinion 02-427 (2002) indicates that a lawyer does not need to comply with Rule 1.8(a) if the lawyer's security interest falls within the parameters of Rule 1.8(i). *See also In re Worldpoint Interactive, Inc.*, 2005 WL 6960239, at *9 (B.A.P. 9th Cir. June 28, 2005) ("if WCE's lien did indeed fall within the scope of subsection (j)(1), subsection (a) is inapplicable"[3]).

Wong represents that he received a mortgage on five of the Plaintiffs' first lots as security for the payment of reduced attorney's fees. Opp'n to Mot. Disqualify at 5. Plaintiffs obtained the lots after extensive litigation concerning their title was settled by the 2013 settlement agreement

---

[3] Rule 1.8(i)(1) used to be numbered Rule 1.8(j)(1) but it was renamed by the ABA and the Guam Rules of Professional Conduct reflect this change.



ORIGINAL

in which Wong represented them. *Id*. As Guam's mortgage law is fashioned on California's, and California is a lien theory state, the Court views Wong's mortgages as liens on Plaintiffs' lots. 18 GCA § 36101 (citing to CC § 2920).

It is unclear whether a lien between attorneys and their clients constitutes a "proprietary interest" in violation of Rule 1.8. California cannot provide persuasive authority as it has not adopted the ABA Model Rules of Professional Conduct. However, Connecticut has adopted the rules and is also a lien theory state, and though its case law suggests that a "mortgage is regarded as mere security" except in very limited cases, some of its courts have held that mortgages used to secure the payment of legal fees constitute a proprietary interest. *Barr v. Barr*, 2015 WL 4098067, at *6 (Conn. Super. Ct. June 2, 2015); *see, e.g., Red Rooster Const. Co. v. River Assocs., Inc.*, 620 A.2d 118, 122 (Conn. 1993). Black's Law Dictionary also broadly defines "proprietary" as "of, relating to, or holding as property." Black's Law Dictionary (9th ed. 2009). Under this definition, a mortgage secured for a debt would constitute a "proprietary interest." Because the purpose of the rule is "to avoid giving the lawyer too great an interest in the representation" and whichever way mortgages are characterized could engender too great an interest, the Court finds that the mortgages on Plaintiffs' property constitute a proprietary interest. ABA Model Rule 1.8, cmt. 16.

Wong also represents that he acquired his interest in the lots through his efforts in helping his clients receive clear and free title to the lots prior to the settlement agreement. When Wong contracted with Plaintiffs for the mortgages on the lots, Wong had been advising Plaintiffs on obtaining title to the lots in question from Cyfred. As such, Wong acquired a proprietary interest in the "subject matter of litigation the lawyer is conducting for a client" and violated Rule 1.8.

ORIGINAL

However, a lawyer may acquire a proprietary interest in the subject matter of litigation if he "acquire[d] a lien authorized by law to secure the lawyer's fee or expenses." GRCP 1.8(i)(1). "These may include liens granted by statute, liens originating in common law and liens acquired by contract with the client." ABA Model Rule 1.8, cmt. 16.

Contrary to Defendants' assertion that 7 GCA § 9A216, which prohibits mortgages in exchange for attorney's fees, applies, the Court finds that the Guam Supreme Court's 2003 adoption of the ABA Model Rules of Professional Conduct supplanted 7 GCA § 9A216. In *Barrett-Anderson v. Camacho*, 2018 Guam 20, the Supreme Court describes Guam's history of jurisprudence governing attorney ethics, beginning with Guam Public Law 17-062 in 1984 which was later codified at Title 7, Chapter 9A. *Barrett-Anderson* describes the statute as "imprecise" and that "significant confusion existed as to how attorney conduct should be regulated" under the statute. 2018 Guam 20 ¶ 18. It eventually clarifies that "the current standard for attorney disqualification is whether an attorney's continued representation of a party or participation in an action violates or significantly risks violating the Guam Rules of Professional Conduct." *Barrett-Anderson v. Camacho*, 2018 Guam 20 ¶ 20. According to that language, the Court cannot disqualify Wong under any standard other than the Guam Rules of Professional Conduct.

The comment to Chapter 9A also states that "[e]ach section must be cross-referenced with the current...Rules for the Discipline of Attorneys to determine whether it was repealed." Section 9A216 explicitly governs written fee agreements, and subsection (j) outlines which fee payment arrangements are forbidden. Similarly, Guam Rule of Professional Conduct 1.5(d) governs attorney's fees and explicitly outlines which arrangements are prohibited: "[a] lawyer


ORIGINAL

shall not enter into an arrangement for, charge, or collect...." The language of Rule 1.5 repeals that of 7 GCA § 9A216.

The Guam Supreme Court's decision in *Guam Bar Ethics Committee v. Maquera*, 2001 Guam 20 supports this finding. In *Maquera*, an attorney accepted a transfer of real property from his client as payment for legal services. 2001 Guam 20. Instead of citing to 7 GCA § 9A216(j), which prohibits an attorney from accepting land as a fee for any legal work without the prior approval of the Superior Court, the Guam Supreme Court affirmed the Ethics Committee's use of Rules 1.5 and 1.8(a) of the Guam Rules of Professional Conduct to find the attorney guilty of misconduct. *Maquera*, 2001 Guam 20 ¶ 3. In doing so, the Supreme Court demonstrated that Rule 1.5 governs fee arrangements, not Chapter 9A. *See also Garod v. Steiner Law Office, PLLC*, 161 A.3d 104, 109 (2017) (citing to Rules of Professional Conduct 1.5 and 1.8(i)(1) to find that "nothing in our jurisprudence forbids an attorney and client from entering into a contract that grants the attorney a lien against any recovery that may be had in the case for which the attorney was engaged, provided the contract conforms to our general rules regarding attorneys' fees.").

As there are no Guam statutes granting liens to secure a lawyer's fees, the Court looks to common law or contract law. As stated above, Guam Rule of Professional Conduct Rule 1.5 governs attorney's fees and provides that they must be reasonable. Defendants do not argue Wong violated Rule 1.5, and Plaintiffs have not filed such a claim against their attorney, so the Court declines to address the reasonableness of Wong's fees and assumes they are reasonable. Moreover, the Ninth Circuit has held that "[g]enerally, a client may by agreement grant his attorney a lien to secure legal fees." *United States v. Stonehill*, 702 F.2d 1288, 1300 (9th Cir.

1983); *see also In re Modtech Holdings, Inc.*, 505 F. App'x 668, 669 (9th Cir. 2013) (law firm

provided client with sufficient disclosures to have valid and enforceable attorney's lien). Without

evidence to the contrary, the Court finds Wong's lien on his clients' lots to secure payment of his

attorney's fees reasonable and legal as a matter of law. Therefore, his security interests do not

violate Rule 1.8 pursuant to the exception in subsection (i)(1).

### b) Rule 1.7

Rule 1.7 provides that a lawyer shall not represent a client if a concurrent conflict of

interest exists. Such an interest exists if a personal interest of the lawyer will materially limit his

representation. GRPC 1.7(a)(2). As the Court has found above, Wong does have a concurrent

conflict of interest due to his security interests in his clients' lots. However, Rule 1.7(b) allows a

lawyer to represent a client despite a concurrent conflict of interest if:

1)      the lawyer reasonably believes that the lawyer will be able to provide
competent and diligent representation to each affected client;
2)      the representation is not prohibited by law;
3)      the representation does not involve the assertion of a claim by one client
against another client represented by the lawyer in the same litigation or other
proceeding before a tribunal; and
4)      each affected client gives informed consent, confirmed in writing.

Wong has stated that he can provide competent and diligent representation for each of his

clients. Minute Entry (June 10, 2019). As demonstrated above, his representation is not

prohibited by law, and subsection (3) is not applicable. However, for subsection (4), the Court is

unable to deduce whether Wong's clients gave informed consent, confirmed in writing, to

Wong's concurrent interest.

For that reason, on July 12, 2019, the Court ordered Wong to produce proof of his clients'

informed consent, confirmed in writing. Rather than provide such proof, Wong claims that he is

unable to comply with the Order as he does not see any conflict of interest with his clients.



Wong claims that if the Court describes the conflict, "he will advise his mortgage clients of the same and seek their written informed consent about his continued representation of them." Atty. Wayson Wong's Resp. to Order re Proof of Informed Consent (Aug. 9, 2019).

The Court reiterates what it ordered previously on July 12, 2019: that it requires proof that Wong's clients upon whose lots Wong has secured liens have given informed consent to his continued representation. The Court does not find Wong's purported confusion and delay to be reasonable, but because his disqualification will have severe consequences on his clients, the Court will provide Wong 15 additional days from this Order to provide such proof.

## III.   CONCLUSION

Contingent on Wong's production of his clients' written informed consent within 15 days of this Decision and Order, the Court DENIES Defendant's Motion to Disqualify Wayson Wong as Plaintiffs' Counsel pursuant to GRPC Rules 1.7 and 1.8.

SO ORDERED this 13th day of August 2019.

HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**

VIA COURT BOX
ge that a copy of the
to was placed in the

Won G
VAN DE VELD
8/13/19   11:30AT

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Wayson W. S. Wong for Plaintiffs
Curtis C. Van de veld for Cyfred, Ltd., and Leonard Francis Gill, and Stephanie Mendiola